Case number 318-0630. People of the state of Illinois, Appalachia v. John Brose, appellant. Whenever you're live, please begin. Can you hear me? Oh, sorry. Yes, I can hear you. Perfect. Please begin whenever you're ready. Okay. Well, good morning, Your Honors. Counsel. Good morning. I'm Steve Vero with the Office of the State Appellate Defender, 3rd District, for the defendant appellant, John Brose. May it please the court, I've raised a single issue in this case, that my client's conviction for aggravated DUI should be reduced to a simple Class A misdemeanor DUI because the state failed to present evidence to the jury to prove the aggravating factor that he had two prior DUI violations. It's undisputed here that the state didn't present any evidence to the jury about the two prior DUI violations, so the question here is really whether that was something that's an essential element of the offense that the state had to prove at trial, or whether it's a sentencing enhancement that the state could prove at sentencing, which is what the state attempted to do here. If we look at the Illinois Supreme Court's decision in Zimmerman, that clearly indicates that it is an element of the offense of aggravated DUI. Zimmerman dealt with the aggravated unlawful use of a weapon statute, but that was, the statute was basically very similar to the aggravated DUI statute that we have here. And in that case, at the state's urging, the court held that it was an element of the offense that had to be proven at trial, that the defendant had a prior adjudication of delinquency for an offense that would have been a felony if committed as an adult. And it reached that conclusion by looking at the organization of the statute and seeing that that particular aggravating factor was spelled out with the other elements of the offense of aggravated unlawful use of a weapon. It was not placed in the sentencing section of either that statute or the penalty section of the simple unlawful use of a weapon statute. And here, we have something very similar. We have an aggravated DUI statute that lists 12 alternative elements of the offense of aggravated DUI. And that is where we find the provision about the two prior DUI violations. It's section D1, subsection D1 that lists the elements as D1A is the one at issue here. And if we look at the other elements there, a couple of them have been found to be elements by this court in Memaw and the Illinois Supreme Court in People v. Martin. So we know that those are elements and those particular elements are on D1C and D1F, the approximate cause of death or grave bodily harm. So obviously, they're right with the two prior DUI violations. So it should have been clear at the time of trial in this case based on Zimmerman and Martin and Memaw that the two prior DUI violations was an element of the offense that had to be proven by evidence presented to the jury at trial and not just a sentencing enhancement. So because it was an element and the state failed to prove it, this court should reverse my client's conviction of aggravated DUI and reduce it to the class A misdemeanor of simple DUI and reduce his sentence to 364 days, imprison the maximum ethical sentence for a class A misdemeanor. And that concludes my remarks in opening right now, but I'd be happy to answer any questions that you have at this point, your honors. I have none. Thank you, Mr. Farrell. And Mr. Arado. Thank you, your honor. Good morning, your honors. May it please the court. Thomas Arado for the state as appellee. The defendant in this case was charged under 11501A2 of the vehicle code and pursuant to statute was given notification in the charging instrument that the state was seeking a felony level of sentencing under 11501D1A and D2B, which set forth the prior convictions as the basis for raising the classification. Under People v. Van Schoik, the Illinois Supreme Court clearly dealt with this issue and stated that the three elements of aggravated DUI were driving while under the influence that rendered a person incapable of safely driving and that a prior conviction is going to raise the upgrade level of offense to class two. Defendant's reliance upon Zimmerman is incorrect. In Zimmerman, the state had charged defendant under 24-1.6 of the criminal code, which is aggravated unlawful use of a weapon, which includes elements of not only there's a under 24-1.6A, a person commits offensive aggregate unlawful use of a weapon when they carry about honor about a person, a weapon under various circumstances to or to carries possesses honor about his person under various circumstances, a weapon. And three, one of the following factors is present. One of those factors being the prior adjudication of delinquency, which is why the Supreme Court in Zimmerman found that that was an element of the offense that had to be proven. The Zimmerman court then went on to say, we agree with the dissenting justice and appellate court that the state did not charge defendant with a class A misdemeanor of simple unlawful use of a weapon under 24-1 and seek to enhance the sentence to that of a class four felony. Instead, defendant was charged with an entirely different crime, aggregate unlawful use of a weapon, which was itself a class four felony. Accordingly, section 111-3C of the code of did not seek an enhanced sentence based because of a prior conviction. Had the legislature intended to make the delinquency adjudication, a sentencing enhancement for misdemeanor unlawful use of a weapon, it likely would have placed it in the sentencing subsection of the statute describing that offense. If you look at 24-1, it is misdemeanor unlawful use of a weapon under subsection B. This was 24-1 was renumbered, but at the time of the decision in Zimmerman, had a second violation of 24-1A, 4A, 8A, 9, or 810 had been committed, then it would raise to a class three felony. Under Zimmerman, that would have been a proper result, proper procedure. The state here followed the proper procedure under section 111-3C of the code of criminal procedure in that they included the prior convictions in order to raise the classification of the offense. They included that in the charging instrument. Apprendi only requires that facts that must be proven to the jury must be submitted to the jury and proven beyond a reasonable doubt. Prior convictions are an exception and that is why those other cases which found those elements within the, those other elements were in fact elements because they were facts that had to be proven. Prior convictions are exceptions under Apprendi. There are exceptions under 111-3C and Zimmerman does not stand for the proposition that council suggests. Therefore, if the court has no other, any questions, we would ask that this court affirm defendant's felony conviction and sentence. Thank you, your honors. Thank you, Mr. Verrato. Any other questions from the panel? No. Mr. Verrato? Yes, thank you. So, I think the state seems to be misreading Zimmerman, in my opinion, and I don't see how the state could separate the, you know, so the state talks about Apprendi. It is true that prior conviction, just so Brian, did you have a question? No, no, I think you're getting to what I was going to ask, so. Okay, yes, Apprendi has an exception for the legislature can nevertheless make a prior conviction an element of an offense, and it did that in the aggravated unlawful use of a weapon statute by placing it with the elements of other alternative elements of that offense, and we see the same thing going on here. Now, the state never really accounts for, in this case, I think, the fact that other factors of subsection D1 of the aggravated DUI statute have been held to be elements of the offense of aggravated DUI. Now, if they were, if the other ones were sentencing enhancements, then that would make sense. That would be a sentencing enhancement, but I don't quite see how the state gets to interpret Zimmerman in a way that allows you to sort of pick off the prior conviction and say that there's a DUI statute. So, I think the controlling decision here is still Zimmerman, and it shows that the legislature can make it an element of the offense, and here it did so by placing it with other elements. In terms of, and I hope that answers any questions that you had, Justice O'Brien. Well, I just, I mean, is there any legislative history or anything that would indicate that the legislature intended to do that for this statute? I'm not sure if there's what the legislative history specifically says, but I think what Zimmerman did is the court found, the Illinois Supreme Court found that the plain language of the statute indicated that intent to make the prior delinquency adjudication an element of the offense by where it placed that factor within the statute. So, I think the legislative intent is clear from the plain language of the statute, and there's no need to go beyond that in this case, just as the Illinois Supreme Court did when looking at that other statute in the Zimmerman case. The, oh, sure. The state also mentions the Van Chayk, I think it's called, case, and I just wanted to point out that that's distinguishable because it was talking about DUI being one offense, but it was talking about subsection C of DUI, and subsection C of the DUI statute, section 501 of the Illinois Vehicle Code, lists the penalties for simple DUI, and it's notable that that's not where we find these elements of aggravated DUI. If they were in subsection C, that might be a different story, but we've got this different subsection D that lists the elements of the offense, and Van Chayk doesn't have much to say about that. In fact, some of the cases the state sites actually suggest, again, that aggravated DUI has different elements. For example, the compulsory rejoinder holdings of the Illinois Supreme Court that I cited in my brief are further indication that we have different elements here in D1. So, I think it's clear now, and it was quite clear at the time of trial that this is an element of the offense, and the state failed to present evidence to the jury that would allow it to find my client guilty, and therefore his conviction has to be reduced to class A misdemeanor DUI. Do you guys have any questions? I guess not. Thank you both for your argument today. We take this case under advisement, and we pass you with a written decision. Thank you, your honors. Again, thank you both, and I'll take your recess until 10 30.